948 F.2d 1289
 139 L.R.R.M. (BNA) 2400
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
VOSS STEEL CORPORATION, Respondent.
 No. 91-5466.
 United States Court of Appeals, Sixth Circuit.
 Nov. 25, 1991.
 
 Judgment Enforcing an Order of the National Labor Relations Board, No. 7-CA-30074.
 NLRB
 ORDER ENFORCED.
 Before KENNEDY and BOGGS, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 
 1
 The National Labor Relations Board (the "Board") applies to this court for summary enforcement of its order of November 21, 1990, in Case No. 7-CA-30074 wherein it found the respondent Voss Steel Corporation violated federal labor law by (1) conditioning payment of contract signing bonuses on its employees signing checkoff authorizations for deduction of a union service fee from their paychecks, (2) threatening discharge of employees who did not sign authorizations, and (3) withholding payment of the bonuses to those who did not sign authorizations. The remedial steps ordered by the Board included a requirement that the respondent offer all employees the option of permitting the deductions to stand (they had already been forwarded to the union) or requesting a refund. The Board asserts it is entitled to summary enforcement because the respondent did not file with the Board exceptions from the decision of the Administrative Law Judge who originally heard the charges.
 
 
 2
 The respondent opposes summary enforcement and instead urges a remand to the Board for further proceedings. It states it has offered refunds to all employees who requested them, but that the union has refused to repay the deductions already collected by the respondent and paid to the union. They argue this is a new development needing further examination by the Board. In turn, the Board views the repayment problem as a matter outside the scope of the present labor proceeding and which must be resolved in a private proceeding between the respondent and the union.
 
 
 3
 Upon consideration, we agree with the Board that the difficulty the respondent has met in seeking repayment from the union is not a factor bearing upon the merits of the present proceeding. For that reason, we conclude the Board is entitled to summary enforcement of its decision.
 
 
 4
 It therefore is ORDERED that the Board's application for summary enforcement of its November 21, 1990, decision in Case No. 7-CA-30074 is granted.
 
 
 5
 It is ORDERED further that the respondent Voss Steel Corporation, its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from:
 
 6
 (a) Conditioning payment of a contract signing bonus upon employees executing authorizations to check off a union service fee.
 
 
 7
 (b) Threatening to discharge any employee for failing to sign a checkoff authorization.
 
 
 8
 (c) Withholding payment from any employee of a contract signing bonus for failing to execute a checkoff authorization.
 
 
 9
 (d) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the National Labor Relations Act (hereinafter called the Act).
 
 
 10
 2. Take the following affirmative action which the Board has found necessary to effectuate the policies of the Act:
 
 
 11
 (a) Give all bargaining unit employees, not already given, the option of either permitting the deduction of the $150 union service fee to stand, or receiving a refund of the service fee.
 
 
 12
 (b) Post at its facility in Taylor, Michigan, copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 7 of the National Labor Relations Board (Detroit, Michigan), after being signed by the respondent's authorized representative, shall be posted by the respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the respondent to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 13
 (c) Notify the said Regional Director, in writing, within 20 days from the date of this Judgment, what steps the respondent has taken to comply.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 14
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT
 
 
 15
 OF APPEALS ENFORCING AN ORDER OF THE NATIONAL
 
 LABOR RELATIONS BOARD
 An Agency of the United States Government
 
 16
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 17
 WE WILL NOT require any of you to sign an authorization form to check off a union service fee before paying your contract signing bonus.
 
 
 18
 WE WILL NOT threaten to discharge any of you for failing to sign a checkoff authorization.
 
 
 19
 WE WILL NOT withhold your contract signing bonus for failing to sign a checkoff authorization.
 
 
 20
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.
 
 
 21
 WE WILL give each of you, not already given, the option of either permitting the deduction of the $150 union service fee to stand, or receiving a refund.
 
 VOSS STEEL CORPORATION
 
 22
 (Employer)
 
 
 23
 Dated__________________ By ______________________________
 
 
 24
 (Representative)
 
 
 25
 (Title)
 
 
 26
 This is an official notice and must not be defaced by anyone.
 
 
 27
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered with any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, 477 Michigan Avenue, Room 300, Detroit, Michigan 48226--2569, Telephone 313--226--3219.